UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jose R.,

      Plaintiff,

v.

Pamela Bondi, Attorney General; Kristi Noem, Secretary, U.S. Department of Homeland Security; Department of Homeland Security; Todd M. Lyons, Acting Director of Immigration and Customs Enforcement; Immigration and Customs Enforcement; Daren K. Margolin, Director for Executive Office for Immigration Review; Executive Office for Immigration Review; and David Easterwood, Acting Director, St. Paul Field Office, Immigration and Customs Enforcement,

      Respondents.

**ORDER ON PETITION FOR WRIT OF HABEAS CORPUS**
Civil No. 26-412 ADM/DTS

___

David Wilson, Esq., and Milly McKinsey, Esq., Wilson Law Group, Minneapolis, MN, on behalf of Petitioner.

David W. Fuller, Assistant United Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, Daren K. Margolin, and David Easterwood.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Petitioner Jose R.'s ("Petitioner") Verified Petition for Writ of Habeas Corpus ("Petition")

[Docket No. 1].¹  For the reasons stated below, the Court grants Petitioner's habeas petition and orders his immediate release.

## II.  BACKGROUND

Petitioner is a native and citizen of Mexico who entered the United States without inspection more than 35 years ago.  Pet. ¶¶ 38-39.  He was placed in removal proceedings that were administratively closed in 2012.  Id. ¶ 40.  Respondents previously conducted a bond redetermination hearing for Petitioner and set a $20,000 bond.  Id. ¶ 42.  Petitioner posted the bond, and Respondents released the bond back to the obligor when Petitioner's removal proceedings were administratively closed.  Id. ¶¶ 42-43.

On January 17, 2026, Respondents detained petitioner without a judicial search warrant, judicial arrest warrant, or administrative warrant of arrest.  Id.  ¶ 46.  Petitioner has not committed an offense that would trigger detention under 8 U.S.C. § 1226(c).  Id. ¶ 48.

Petitioner filed this habeas action challenging his detention under 28 U.S.C. § 2241.  He argues that he is entitled to immediate release or a bond hearing under 8 U.S.C § 1226(a).

Respondents oppose the Petition, arguing that Petitioner is not eligible for a bond hearing because he is subject to mandatory detention under § 1225(b)(2).

## III.  DISCUSSION

This is one of numerous recent habeas cases challenging the application of 8 U.S.C. §1225(b)(2) to noncitizens who are living in the United States after entering without inspection.  Petitioner argues that because he has been living in the United States since he

---

¹ Pursuant to this District's policy in immigration cases, the Court identifies Petitioner by only his first name and last initial.

entered the country 35 years ago, the mandatory detention provision of §1225(b)(2) does not apply, and that his detention is instead governed by 8 U.S.C. § 1226(a).

This Court has recently held that § 1226(a) applies to noncitizens who are already in the country and are detained pending removal proceedings. See Abdul S. v. Shea, No. 26-CV-376 ADM/DTS (D. Minn. Jan. 23, 2025). An overwhelming majority of courts, including the only federal court of appeals to preliminarily consider the issue, have reached the same conclusion. See Castanon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1061-62 (7th Cir. 2025); Barco Mercado v. Francis, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (noting that the government's interpretation of §1225(b)(2) has been rejected in 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States"); Andres R.E. v. Bondi, No. 25-CV-3946 NEB/DLM, 2025 WL 3146312, at *1 n.2 (D. Minn. Nov. 4, 2025) (collecting cases); Belsai D.S. v. Bondi, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *5-6 (D. Minn. Oct. 1, 2025) (collecting cases).

Respondents raise numerous arguments for its position that § 1225(b)(2) applies to Petitioner. The Court has considered Respondents' arguments and finds them unpersuasive.

Having determined that § 1226(a) applies, the Court considers whether the proper remedy is a bond hearing or Petitioner's immediate release. Section 1226(a) provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained." 8 U.S.C. §1226(a) (emphasis added). Several judges in this District have concluded that an arrest warrant is a prerequisite to detention under § 1226(a). See e.g., Ahmed M. v. Bondi, No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); Juan S.R. v. Bondi, No. 26-CV-5 (PJS/LIB) (D. Minn. Jan. 12, 2026) [Docket No. 8 at 3-4]; Ismael G.H. v. Bondi, No. 26-CV-52 (NEB/DTS) (D. Minn. Jan. 16, 2026) [Docket No. 8 at 4-5].

Petitioner has alleged that his arrest was warrantless. Pet. ¶ 46. Respondents have not provided evidence to the contrary, despite this Court's Order to produce "[s]uch affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's detention in light of the issues raised in the habeas petition." See Order [Docket No. 3]. Because an arrest warrant is a prerequisite to detention under § 1226(a) and Respondents detained Petitioner without a warrant, the Court will grant the Petition and order his immediate release.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Jose R.'s Verified Petition for Writ of Habeas Corpus [Docket No. 1] is **GRANTED** as follows:

1. The Court DECLARES that Petitioner is not subject to mandatory detention under 8 U.S.C. §1225(b)(2) and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. §1226.

2. Respondents are ORDERED to release Petitioner Jose R. from custody in Minnesota immediately;

3. Within five days of the date of this Order, Respondents shall file notice on the docket confirming that release within Minnesota occurred; and

4. Respondents are ENJOINED from removing, transferring, or facilitating the removal of Petitioner from the District of Minnesota prior to compliance with this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:

Dated: January 27, 2026

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE